```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

        -against-                            ORDER
                                        07-CR-0204-02 (DRH)
UPERT NELSON,

                Defendant.
------------------------------X
A P P E A R A N C E S:

For the Government:

    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    One Federal Plaza
    Central Islip, New York 11722
      By: Raymond A. Tierney, A.U.S.A.

For Defendant:
    Upert Nelson, Pro Se
    517 Spruce Avenue
    Egg Harbor TWP., NJ 08234
```

HURLEY, Senior District Judge

By letter motion dated September 28, 2009, Upert Nelson ("Nelson"), proceeding pro se, seeks bail pending appeal. For the reasons indicated infra, that application is denied.

On June 14, 2007, Nelson pled guilty to a single count indictment charging him with conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)(II).

Sentence was imposed on July 7, 2009. Although the offense of conviction required a mandatory minimum of 10 years incarceration and a maximum of life imprisonment, the government

filed a U.S.S.G. § 5K1.1 letter pursuant to 18 U.S.C. § 3553(e), thus authorizing the Court to downwardly depart from the statutory minimum sentence. Based on the 5K1 letter, I significantly downwardly departed and, after considering the factors listed in § 3553(a), imposed a sentence of, inter alia, 22 months incarceration.

Defendant, having been convicted and sentenced for a crime listed in § 3142(f)(1)(C) must be detained unless he establishes to the Court's satisfaction, as a threshold matter, that his release "pose[s] no risk of flight and no danger to the community . . . and that the appeal 'raises a substantial question of law or fact likely to result in' reversal, a new trial, or a reduced sentence, and is not interposed for purposes of delay." United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991). If the defendant carries that burden, then it would be incumbent upon me to determine whether there are "exceptional circumstances making [his] detention inappropriate." Id., citing § 3145(c).

In endeavoring to establish the criteria for release, defendant argues:

> In the instant case the defendant, Upert Nelson is self employed . . . . The record below clearly shows by direct and implied evidence that he is not a flight risk because he is taking care [of] his family and business. Ergo, under the theory of judicial economy his sentence should be reduced and/or modified to a non custodial term with

> restrictions allowing him to continue working
> at his place. More likely than not the BOP
> would classify him to a community halfway
> house program and he would not be able to
> continue working at his business. As the
> record below clearly shows, the defendant has
> never been in trouble with the law in his
> life prior to the instant case. He has fully
> and completely cooperated with prosecution
> authorities in this matter and accepted
> responsibility for his admitted criminal
> conduct in this matter. One of the main
> questions to be raised on appeal of this
> matter is the extent of his criminal
> culpability in this matter, with specific
> regard to whether the court has discretion to
> impose a non-custodial sentence given the
> nature of defendant's cooperation, family and
> financial hardship and his health.[1]

(Def.'s Sept. 28, 2009 Letter Mot. at unnumbered p. 2.)

A juxtapositioning of defendant's argument with the applicable legal standard compels the conclusion that defendant's application must be denied. His employment, family circumstances, acceptance of responsibility, and health, as well as the extent of his cooperation with the government were all considered by me, along with other factors, in fashioning his sentence. Moreover, he has provided no information to suggest that either his conviction and/or sentence is legally flawed nor that his detention would somehow be inappropriate. In sum, his application is denied and the defendant is directed, consistent with the order that was made at the time sentence was imposed, to

---

[1] It is undisputed that the Court had "discretion to impose a non-custodial sentence."

report to the designated facility to begin the incarceration portion of his sentence by 2:00 p.m. on October 9, 2009.

      SO ORDERED.

Dated: Central Islip, New York
      October 8, 2009

                                            _____/s/_____
                                            DENIS R. HURLEY, U.S.D.J.